# EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PATRICIA DANDRIDGE
Vs.                                              C.A. No.        2006 CA 002535 B
ROCHELLE CARAWAY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-1, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  March 31, 2006
Initial Conference: 9:30 am, Friday, June 30, 2006
Location:  Courtroom B-52
          409 E Street, NW
          WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| Patricia Dandridge | |
|---|---|
| *Plaintiff* | |

0002535-06

**VS.**

Rochelle Caraway

Civil Action No. [                    ]

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| David A. Branch | By _____ |
|---|---|
| Name of Plaintiff's Attorney | Deputy Clerk |
| 1825 Connecticut Ave., NW Suite 690 | |
| Address | |
| Washington, D.C. 20009 | Date  3/31/06 |
| (202) 785-2805 | |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE. N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93        **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

MAR 3 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| PATRICIA DANDRIDGE ) | |
| 2220 BRYAN PLACE SE ) | Civil Action No.: |
| #204 ) | |
| WASHINGTON, DC 20020 ) | |
| ) | 0002535-06 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Jury Trial Demand |
| ROCHELLE CARAWAY ) | |
| WINN RESIDENTIAL ) | |
| 305 37th STREET, SUITE B3, SE ) | |
| WASHINGTON, DC 20019 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff Patricia Dandridge, by and through counsel, and files this
complaint against Rochelle Caraway.

### Jurisdiction

1.     This Court has jurisdiction over the subject matter of this action under D.C. Code
Ann. Sec. 11-921.

### Venue

2.     Venue is proper in this court in that the action giving rise to this claim occurred in
the District of Columbia.

### Parties

3.     Plaintiff Patricia Dandridge, an African American female, was employed by Winn
Management for three years.

4.      Defendant Rochelle Caraway is a former employee of Winn Management and agent of WDC-1 Apartments and was the most recent supervisor for Ms. Dandridge.

## Facts

5.      Ms. Dandridge, who is African American and lesbian, began employment as a porter with CIH Properties Inc. for WDC-1 Apartments in 2003. In her most recent position, she was supervised by Rochelle Caraway, a former site manager.

6.      Ms. Dandridge was responsible for maintaining the grounds at different apartment complexes owned by WDC-1 Apartments. Although Ms. Dandridge should have been one of two porters performing maintenance services at sixteen scattered properties, during most of Ms. Dandridge's tenure at Winn Residential, she performed all of the porter services for the scattered properties alone.

7.      While supervised by Caraway, Ms. Dandridge was subjected to disparate treatment, based on her sexual orientation and gender. Caraway explicitly stated to Ms. Dandridge that she did not like homosexuals and that she could treat Ms. Dandridge in any manner she desired because Ms. Dandridge was homosexual and no one would help her. Ms. Dandridge protested the discriminatory treatment she received from Caraway.

8.      Caraway frequently directed profanity at Ms. Dandridge at work and called her a "bitch." Caraway would allow everyone in the office, except Ms. Dandridge, to eat lunch in the office; but she would tell Ms. Dandridge to go eat lunch in the back of the building. Caraway would also call Ms. Dandridge trash and called Ms. Dandridge a bum and told her she needed to be outside picking up trash.

9.      In addition, Ms. Dandridge is aware that male porters employed by Winn Residential in Washington were paid a higher hourly rate than she was paid. Ms.

2

## Count I

## Violation of the District of Columbia Human Rights Act

### (Dandridge v. Caraway)

Ms. Dandridge realleges and incorporates the allegations of all paragraphs above as if fully set forth herein.

14.     At all pertinent times. Winn Management Group and WDC-1 Apartments were employers subject to provisions of D.C. Human Rights Act, 2-1401 et seq. (DCHRA). of the District of Columbia Code.  Defendant Caraway is an individual subject to provisions of the DCHRA.

15.     At all pertinent times. Ms. Dandridge was an employee entitled to protection under the D.C. Human Rights Act.

16.     The D.C. Human Rights Act prohibits discrimination in employment in the terms, conditions and privileges of employment. based on an individual's gender and sexual orientation, and prohibits retaliation for engaging in protected activity or opposing prohibited acts under the DCHRA.

17.     In violation of the D.C. Human Rights Act, Defendant knowingly and intentionally engaged in unlawful discrimination and retaliation, including but not limited to: subjecting Ms. Dandridge to disparate treatment in work assignments and a hostile work environment based on her gender and sexual orientation; causing Ms. Dandridge to perform the tasks of two porters while paying Ms. Dandridge at a lower rate than male porters: allowing Ms. Dandridge to be compensated at a rate lower that the pay provided to male porters; and causing her employment to be terminated based on her gender and

4

sexual orientation and/or in retaliation for complaining about discriminatory treatment by

Caraway.

WHEREFORE, Plaintiff prays as follows:

A.    Enter judgment against the Defendant,

B.    That the court award to Ms. Dandridge damages in an amount equal to all of

her accumulated lost wages and benefits, including back pay, front pay and

benefits; compensatory damages and punitive damages for the financial and

emotional harm caused by Defendant, including prejudgment and post-

judgment interest and any other damages permitted under the D.C. Human

Rights Act;

C.    Award payment of all fees, costs, expenses, including attorney's fees and

expert fees;

D.    That the Court award Ms. Dandridge such other relief as to which she may be

deemed entitled.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts.

5