THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA DANDRIDGE,<br><br>    Plaintiff,<br><br>ROCHELLE CARAWAY,<br><br>    Defendant. | Civil Action No. 06-0981 RWR |

## ANSWER

Defendant, Rochelle Caraway ("Caraway"), responds as follows to the allegations in numbered paragraphs of the Complaint.

### JURISDICTION

1. Caraway admits that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### VENUE

2. Caraway admits that this Court is a proper venue for this case.

### PARTIES

3. Caraway denies the allegation in paragraph 3.

4. Caraway admits the allegation in paragraph 4 that she is a former employee of Winn Management Company LLC ("Winn") and that she supervised Plaintiff, Patricia Dandridge ("Dandridge"). The other allegations in paragraph 4 are conclusions of law to which Caraway is not required to respond.

### FACTS

5. Caraway admits the allegations in paragraph 5.

6. Caraway denies the allegations in paragraph 6.

7. Caraway denies the allegations in paragraph 7.

8. Caraway denies the allegations in paragraph 8.

9. Caraway denies the allegations in paragraph 9.

10. Caraway denies the allegations in paragraph 10.

11. Caraway denies the allegations in paragraph 11.

12. Caraway denies the allegations in paragraph 12.

13. Caraway denies the allegations in paragraph 13.

## COUNT I
## Violation of District of Columbia Human Rights Act
## (Dandridge v. Caraway)

Caraway responds to the allegations incorporated by reference in the same manner that Caraway previously responded to those allegations.

14. The allegations in paragraph 14 state conclusions of law to which Caraway is not required to respond.

15. The allegations in paragraph 15 state conclusions of law to which Caraway is not required to respond.

16. The allegations in paragraph 16 state conclusions of law to which Caraway is not required to respond.

17. Caraway denies the allegations in paragraph 17.

Caraway denies: (1) allegations in the Complaint that she has not admitted above; and (2) Dandridge is entitled to any of the relief sought by the Complaint.

## AFFIRMATIVE DEFENSES

Caraway states the following affirmative defenses:

332700.1
6/2/2006

### FIRST AFFIRMATIVE DEFENSE

The applicable limitations period bars the claim alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Caraway is not subject to the personal jurisdiction of this Court with respect to the claim alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Dandridge is barred from pursuing the claim alleged in the Complaint because she unreasonably failed to submit an internal complaint pursuant to the procedure available under the non-harassment and non-discrimination policies maintained by her employers.

### FIFTH AFFIRMATIVE DEFENSE

Dandridge is barred from pursuing a claim for punitive damages because she unreasonably failed to submit an internal complaint pursuant to the procedure available under the non-harassment and non-discrimination policies maintained by her employers.

### SIXTH AFFIRMATIVE DEFENSE

Dandridge failed to take steps reasonably calculated to mitigate her damages.

WHEREFORE, Caraway asks the Court to enter in Caraway's favor and against Dandridge on the claim alleged in the Complaint and to award Caraway: (1) the attorneys' fees, litigation expenses, and costs incurred in defending this action; and (2) other relief deemed appropriate by the Court.

Respectfully submitted,

 __/s/_____
James Edward Rubin, (Bar No. 456945)

        The Rubin Employment Law Firm, PC
        11 North Washington Street
        Suite 520
        Rockville, MD  20850
        (301) 760 7914
        (301) 760 7234
        jrubin@rubinemploymentlaw.com
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on, June 2, 2006, I served the foregoing by U.S. first class mail, postage prepaid on:

    David A. Branch, Esq.
    Law Offices of David A. Branch
    1825 Connecticut Avenue, NW
    Suite 690
    Washington, DC 20009


        _____/s/_____
        James Edward Rubin