**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **PATRICIA DANDRIDGE** )<br>)<br>**Plaintiff,** )<br>) Civil Action No.: 06-0981<br>**v.** )<br>)<br>**ROCHELLE CARAWAY** ) RWR<br>)<br>**Defendant.** )<br>) | |

**PLAINTIFF'S MOTION FOR REMAND**

Comes now Plaintiff Patricia Dandridge, by and through counsel, and files this motion for remand, and in support thereof states as follows.

Plaintiff filed a complaint in the Superior Court for the District of Columbia on September 13, 2005, against her former employer, Winn Management Group, Rochelle Caraway and WDC-1 Apartments, alleging violations of the D.C. Human Rights Act based on her sexual orientation. Defendant Caraway was Plaintiff's supervisor. Counsel for the parties appeared in the Superior Court for the initial scheduling conference in December 2005 before Judge Frederic Weisberg. Plaintiff's counsel represented to the court that Defendant Caraway had not been served and it was suspected that she was evading service. At that hearing, Judge Weisberg informed Plaintiff's counsel that because Defendant Caraway could not be served, the court could dismiss the complaint against Defendant Caraway without prejudice, or give Plaintiff a few days to file a motion for extension of time to serve her. Plaintiff filed a motion for extension of time to

serve her, and the court granted the motion and gave Plaintiff until January 16, 2006. During this period, Plaintiff's process server made several attempts to serve Ms. Caraway and she evaded service. The process server was not able to serve Ms. Caraway until January 18, 2006. Shortly thereafter, Plaintiff's counsel filed a motion with the court for additional time to serve Defendant Caraway. Judge Judith Retchin took over Judge Weisberg's calendar in January 2006. On February 2, 2006, Judge Retchin issued an Order that she could not grant the second motion for an extension, but gave Plaintiff's counsel the option of filing a motion requesting an extension if there was good cause, or filing a new complaint.

Plaintiff filed a new complaint and Defendant Caraway was served on May 6, 2006. Defendants' counsel in the Superior Court matter was upset that Defendant Caraway was served with a new complaint and threatened to file a motion for sanctions simply because Plaintiff's counsel did what he was directed to do by the Superior Court. Defendant Caraway has retained new counsel and filed a notice of removal to avoid the jurisdiction of the Superior Court. The Superior Court action is proceeding with discovery.

Defendant Caraway has filed a notice of removal, and has filed an untimely Answer. Because Defendant has not and can not satisfy the requirements for removing this action, this case should be remanded to the Superior Court for the District of Columbia.

This action is a purely local matter which alleges a violation of the D.C. Human Rights Act. There are no federal claims. Jurisdiction lies exclusively in the D.C.

Superior Court. Defendant argues that the federal court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 and 1441(a), because "[c]omplete diversity of citizenship exists between Plaintiff and Caraway and the amount in controversy exceeds $75,000, exclusive of interest and costs." Notice at 2. This claim is not true and should be rejected by the court.

There is no basis for Defendant's claim that the controversy exceeds $75,000. It is far from clear that Plaintiff's damages will exceed $75,000 and there is no basis for this claim. Plaintiff has not specified the precise amount of damages sought. Thus, Defendant has not satisfied the amount in controversy requirement. The federal court is already overburdened with federal employment claims, and should not exercise jurisdiction over a purely local District of Columbia claim, especially when a related claim is pending in the Superior Court, and the parties are all familiar to Judge Retchin. Defendant's attempt to remove the case to federal court is a classic case of "forum shopping" to deprive the Plaintiff of her choice of court, which should not be tolerated by the court. Plaintiff requests that the case be remanded to the D.C. Superior Court. Plaintiff sought Defendant's consent to the relief requested and Defendant did not consent to the relief requested.

WHEREFORE Plaintiff submits that Defendant has not satisfied the requirements for removal and that this matter should be remanded to the Superior Court for the District of Columbia.

Respectfully submitted,

By:  _____/s/_____
David A. Branch #438764

        Law Offices of David A. Branch
        1825 Connecticut Avenue, N.W.
        Suite 690
        Washington, D.C.  20009
        (202) 785-2805

## Certificate of Service

I hereby certify this 6th day of June 2006, that a copy of the foregoing Plaintiff's Motion for Remand was sent to counsel for Defendants listed below:

James Edward Rubin
The Rubin Employment Law Firm, PC
11 North Washington Street,
Suite 520
Rockville, MD 20850

        _____/s/_____
        David A. Branch

Case 1:06-cv-00981-RWR    Document 3    Filed 06/02/2006    Page 4 of 4