THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA DANDRIDGE,**  )<br>)<br>Plaintiff,  )<br>)<br>)<br>)<br>**ROCHELLE CARAWAY,**  )<br>)<br>Defendant.  )<br>) | Civil Action No. 06-0981 RWR |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Rochelle Caraway ("Ms. Caraway"), by and through counsel, James E. Rubin, and The Rubin Employment Law Firm, P.C., pursuant to Local Rule 7, respectfully files this memorandum of points and authorities in opposition to the motion to remand filed by Patricia Dandridge ("Ms. Dandridge"). In support, Ms. Caraway states as follows:

**INTRODUCTION**

On September 13, 2005, Ms. Dandridge filed a civil complaint in the Superior Court for the District of Columbia, Case No. 2005 CA 0007447, against Winn Management Group, WDC-1 Apartments, and Ms. Caraway (hereinafter "Case 1"). The complaint in Case 1 is attached as Exhibit 1. Ms. Dandridge alleges violations of the D.C. Human Rights Act based on her sexual orientation.

By January 17, 2006, Ms. Dandridge had not served the Complaint on Ms. Caraway. On February 2, 2006, Superior Court Judge Judith E. Retchin dismissed Ms. Dandridge's Complaint as to Ms. Caraway for lack of service. (Judge Retchin's Order is attached as Exhibit 2). Ms. Dandridge did timely serve the corporate defendants. Her case against them is proceeding in the Superior Court.

On March 31, 2006, Ms. Dandridge filed a second civil action in Superior Court, Case No. 2006 CA 002535 B ("Case 2"). The Complaint in Case 2 is attached as Exhibit 3. The only defendant named in Case 2 is Ms. Caraway. The factual allegations in Case 2 are nearly identical to the factual allegations in Case 1.

On May 7, 2006, Ms. Dandridge, who resides in the District of Columbia, served the Summons and Complaint in Case 2 on Ms. Caraway at her residence in North Carolina.

On May 26, 2006, Ms. Caraway invoked the diversity jurisdiction of this Court and removed Case 2 from the Superior Court to this Court.

On June 2, 2006, Ms. Dandridge filed her motion to remand. Most of her motion has nothing to do with whether this Court has subject matter jurisdiction under 28 U.S.C. Sec. 1332(a). *See* Pl. Mot. to Remand at pp. 1-2. Indeed, she does not contest that she and Ms. Caraway are citizens of different states. Her only point relevant to diversity jurisdiction is to dispute the amount in controversy. She states:

> There is no basis for [Ms. Caraway]'s claim that the controversy exceeds $75,000. It is far from clear that [Ms. Dandridge]'s damages will exceed $75,000 and there is no basis for this claim. [Ms. Dandridge] has not specified the precise amount of damages sought. Pl. Mot. to Remand at p. 3

*Ms. Dandridge's argument is completely fallacious and is likely sanctionable.*

## ARGUMENT

The civil cover sheet that Ms. Dandridge filed in the Superior Court when she commenced Case 2 states that she is demanding **$1,000,000.00** in damages from Ms. Caraway. (Exhibit 4). This alone satisfies the amount in controversy requirement. It casts serious doubt on whether Ms. Dandridge's remand motion contains "factual contentions [that] have evidentiary support." See Fed. R. Civ. P. 11(b)(3).

2

Further, Ms. Dandridge has repeatedly insisted that her claims are worth far more than $75,000. For example, in Case 1, Ms. Dandridge is seeking an award of lost earnings and compensatory and punitive damages against all of the defendants. Exhibit 1. Ms. Dandridge answered an interrogatory served in conjunction with Case 1, by stating that she was seeking at least **$300,000.00** in damages from the defendants, including Ms. Caraway, for lost earnings and for emotional pain and suffering. (Ms. Dandridge's interrogatory answers in Case 1 are attached as Exhibit 5). Ms. Caraway thus had a sound basis for stating that the amount in controversy in this case is greater than $75,000.

Ms. Dandridge also contends that Case 2 involves a purely local District of Columbia claim and that the Court should not deprive her of her choice of forum. In making that argument, however, Ms, Dandridge ignores the obvious fact that the same could be said about any civil action that a defendant removes from the state court where plaintiff had sued solely on the grounds of diversity jurisdiction. In addition, Ms. Caraway has the statutory right to remove Case 2 —a right that cannot be denied simply because Ms. Dandridge finds Ms. Caraway's decision to exercise it to be inconvenient or contends that a related, unconsolidated case is pending in the Superior Court.[1] *See Harris v. Bealieu Group, LLC,* 394 F. Supp.2d 1348, 1352-

---

[1] When Ms. Dandridge filed Case 2 she failed to state on the civil cover sheet that there was a "pending case[] related to the action being filed." (See Exhibit 3) Ms. Dandridge also failed to move to consolidate the two cases before Ms. Caraway removed Case 2.

Ms. Dandridge states that "the parties are all familiar to Judge Retchin." *See* Pl. Mot. to Remand at p. 3. To date, Judge Retchin has not conducted any pretrial conferences and has not ruled on any motions, with the exception of Dandridge's motion to extend the date for serving Caraway with process in the case pending against Winn and WDC-1. Ms. Dandridge's statement lacks any foundation. Moreover, that statement, even if true, would not deprive Ms. Caraway of her right to remove Case 2.

(continued….)

3

1353 (M.D. Ala. 2005) (Court lacks the authority to remand case properly removed based on diversity jurisdiction on grounds that the litigation would be simplified by consolidating the removed case with an already pending state court action) (attached); *Losoya v. Coca-Cola Enterprises, Inc.,* No. Civ. A.C.-05-007, 2005 WL 17996118, at *2 (S.D. Tex. July 26, 2005) (case removed based on diversity jurisdiction may **not** be remanded to state court simply because a related, unconsolidated case involving the same parties, injury, and issues of law and fact is pending in that court)(attached).  For those reasons, Ms. Caraway asks the Court to deny Ms. Dandridge's motion to remand this matter to the Superior Court.[2]

Respectfully submitted,

__/s/_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com
Attorneys for Defendant

---

[2] Ms. Caraway intends to ask the Court to impose sanctions on Ms. Dandridge's attorney pursuant to Federal Rule of Civil Procedure 11 for filing an obviously frivolous motion to remand the Civil Action.  Indeed, the civil cover sheet filed in the Civil Action and Ms. Dandridge's answer to the interrogatories **which Ms. Dandridge's attorney prepared** clearly demonstrated that his client seeks far more than the amount required for diversity jurisdiction.

Despite that fact, Ms. Dandridge's attorney has intentionally misrepresented to the Court that Ms. Dandridge is seeking damages totaling less than $75,000.00.  Ms. Caraway respectfully submits that the conduct of Ms. Dandridge's attorney is sanctionable by the Court and that Ms. Caraway is entitled to reimbursement for the attorneys' fees and expenses incurred in opposing the motion for remand.

4

## CERTIFICATE OF SERVICE

I certify that on, June 8, 2006, I served the foregoing by U.S. first class mail, postage prepaid on:

>David A. Branch, Esq.
>Law Offices of David A. Branch
>1825 Connecticut Avenue, NW
>Suite 690
>Washington, DC 20009

>_____/s/_____
>James Edward Rubin