IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| PATRICIA DANDRIDGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 05-0007447 |
| v. ) | |
| ) | |
| WINN MANAGEMENT GROUP, *et al* ) | Judge Frederick Weisberg |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S ANSWERS TO DEFENDANT'S, WINN MANAGEMENT COMPANY LLC, FIRST SET OF INTERROGATORIES AND PRODUCTION REQUESTS

Comes now Plaintiff, Patricia Dandridge, by and through counsel, and submits these answers to Defendant's, Winn Management Company, LLC, first set of interrogatories.

### INTERROGATORIES

1.  Identify all persons with knowledge of information pertaining to the allegations in the Complaint and, as to each such person, state in detail the information known to that person.

ANSWER: John Weikel, President and Property Manager. Weikel knew that I was the only porter for the 16 scatter properties, which no one else wanted to do. Weikel told me that I had been cheated in pay for a long time and that he would see to it that I received my appropriate earnings.

Rochelle Caraway. Caraway knew I was the only porter for the 16 scatter properties.

Mr. Snyder conducted inspections for the owners of the property and knew that I was the only porter for the 16 scatter properties. Mr. Snyder also stated that I was underpaid.

2. Identify all physicians, hospitals, clinics, and other medical care providers who have examined, treated, or prescribed medication for Plaintiff at any time since January 1, 2000 and identify all medications prescribed for either individual and the period during which they have taken that medication.

ANSWER: In March 2005, Dr. Melissa A. Yadao, M.D., Greater Southeast Hospital, prescribed Motrin for the sprained wrist I sustained on the job.

3. Identify all persons and entities for whom Plaintiff has performed services at any time since January 1, 2000 and, as to each such person or entity, describe the nature of the services performed, the period during which the services were performed, and the amount of compensation received for those services.

ANSWER: On occasion I would find temporary construction assignments through Labor Ready until late 2005. I do not have the exact amount of the compensation received.

4. Identify all persons and entities to whom Plaintiff has applied for employment at any time since January 1, 2003 and, as to each such person or entity, state the nature of the position sought, the date of the application was made, whether a job offer was made, the amount of compensation offered, and the reason the offer was rejected.

ANSWER: Other than my employment with the Defendant, I applied and worked for Golden Corral in December 2004. I only worked there for four days. Following my termination, I began training as an apprentice in carpentry and I am still in that program.

5. State whether Plaintiff has been a party to any litigation and, if so, provide the caption of that litigation, the dates the litigation commenced and ended, and what relief, if any, Plaintiff obtained by way of judgment or settlement.

ANSWER: I have not been a party to any litigation.

6. Set forth in detail the damages sought by Plaintiff in this litigation and describe manner in which those damages were calculated.

ANSWER: I have not determined the exact amount of damages, but I estimate the damages will exceed $300,000. I will seek all back pay, as well as equal to the amount the other porters were paid during my employment. I will seek compensatory and punitive damages for humiliation and hostile work environment, and the hardship imposed on my and my family as a result of my termination.

7. Identify all persons whom Plaintiff intends to call to testify at trial as an expert witness and as to each such person describe in detail the substance of the opinions to be expressed.

ANSWER: None at the present time.

8. State whether Plaintiff has filed a petition in bankruptcy at any time since January 1, 2000, and, if so, provide the court in which the petition was filed and the case number assigned to the case.

ANSWER: I have not filed a petition in bankruptcy at any time since January 1, 2000.

## PRODUCTION REQUESTS

1. All W-2 and 1099 Forms that Plaintiff has received from any person or entity for any year since January 1, 2000.

RESPONSE: Plaintiff will provide all responsive documents in her possession upon entry of a protective order.

2. All documents, including but not limited to correspondence, charges, complaints, notices of determination, judgments, and affidavits, that contain information pertaining to any administrative charge or judicial complaint that Plaintiff has filed against an employer, entity or person, other than Defendants.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

3. All documents, including but not limited to correspondence and job applications, that contain information pertaining to efforts by Plaintiff to seek employment with and/or any job offers received from any person or entity at any time after January 1, 2003.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

4. All documents, including but not limited to correspondence, contracts, and pay check stubs, that contain information pertaining to any compensation that Plaintiff received at any time January 1, 2000 from any person or entity for services rendered.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

5. All documents that support the damages claim made by Plaintiff in this action.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

6. All reports prepared by any expert whom Plaintiff has retained to testify at trial.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

7. All documents, including but not limited to correspondence, memoranda, witness statements, and notes of conversations, that contain information pertaining to any communications that Plaintiff had with Defendants after January 1, 2003.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

8. All documents, including but not limited to prescriptions, bills and medical reports and files, that contain information pertaining to any medical treatment or examinations that Plaintiff received at any time since January 1, 2000.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

9. All job performance evaluations that Plaintiff received since January 1, 2002 from Defendants or any person or entity.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

10. All witness statements and interview notes and other documents obtained or prepared by Plaintiff regarding the claims asserted in this action.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

11. All petitions in bankruptcy filed by Plaintiff at any time since January 1, 2000.

RESPONSE: Plaintiff will provide all responsive documents in her possession.

Respectfully submitted,

By: _____
David A. Branch #438764
Law Offices of David A. Branch
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805

## Certificate of Service

I hereby certify this 3rd day of March 2006, that a copy of the foregoing Plaintiff's Answers to Defendant's, Winn Management Company, LLC, First Set of Interrogatories and Production Requests was sent to counsel for Defendants listed below:

R. Michael Smith
Gordon Feinblatt
233 East Redwood Street
Baltimore, MD 21202

_____
David A. Branch