

Slip Copy                                                                                                                                                      Page 1

Slip Copy, 2005 WL 1799618 (S.D.Tex.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. Texas, Corpus Christi Division.
Ladonna LOSOYA, Plaintiff,
v.
COCA-COLA ENTERPRISES, INC. Defendants.
**No. Civ.A.C-05-007.**

July 26, 2005.

William D. Bonilla, Attorney at Law, Jason Michael Jett, Law Office of Wm. D. Bonilla, Corpus Christi, TX, for Plaintiff.
F. Edward Barker, Barker Leon et al., Corpus Christi, TX, for Defendants.

*MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND*

HEAD, Chief J.
**\*1** Pending before this Court are plaintiff's Motion to Remand (D.E.6), and plaintiff's Motion to Remand to Enable Plaintiff to Consolidate in State Court. (D.E.15).

Plaintiff moves for remand, alleging a lack of subject matter jurisdiction because the parties are not diverse. Plaintiff, a citizen of Texas, contends that defendant's principle place of business is Texas and thus is a also citizen of this state. Defendant asserts, however, that its principle place of business is Atlanta, and that it is incorporated in Delaware. Defendant is authorized to do business in Texas via charter.

Because defendant seeks to invoke the jurisdiction of this Court, defendant has the burden to show that Texas is not its principle place of business. *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust,* 588 F.2d 431, 433 (5th Cir.1979). The Fifth Circuit standard for determining a corporation's principal place of business is the "total activity" test, which incorporates both the "nerve center" and "place of activity" test. *J.A. Olson Co. v. City of Winona,* 818 F.2d 401, 404 (5th Cir.1987). The Fifth Circuit articulated that "under the 'nerve center' test, the state in which the corporation has its nerve center, or 'brain,' is its principal place of business, and under the 'place of activity' test, the state in which the corporation carries out its operations is its principal place of business." *Id.* Determining which test to apply is dependent upon how the particular corporation is organized. *Id.* The "nerve center" test is applied when "the corporation is engaged in far-flung and varied activities which are carried on in different states." *Tubbs,* 846 F.Supp. at 554 (citing *J.A. Olson,* 818 F.2d at 407). "[W]hen a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant." *J.A. Olson,* 818 F.2d at 411.

Plaintiff relies on *Tubbs,* where the Southern District of Texas applied the "place-of-activity" test to a corporation that had two operating divisions, one in Missouri and one in Texas. 846 F.Supp. at 552. The court determined that Texas was the principal place of business by examining the percentage of total operating revenue generated in Texas and the percentage of wages payed to employees in Texas. *Id.* at 552-53. Because there were two headquarters in different states, a close examination of the assets and administration was necessary. *Id.* at 553. Here it is not.

This Court finds that the "nerve center" test is the appropriate one. Defendant has established via affidavit that Atlanta is the principle place of business, that it is incorporated in Delaware, and that it has obtained a charter to business in Texas as a foreign corporation. Coca-Cola engages in far-flung activities in various states, and its headquarters are located in Georgia, not Texas.[FN1] Coca-Cola Enterprises is not a citizen of Texas, and therefore diversity jurisdiction exists in this case.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                            Page 2

Slip Copy, 2005 WL 1799618 (S.D.Tex.)
**(Cite as: Slip Copy)**

FN1. Plaintiff points to a Texas Franchise Tax report, in which defendant listed Atlanta, Georgia as its principal office and Dallas, Texas as its principal place of business. Defendant's current registered agent is located in Austin, Texas, though its prior agent was located in Atlanta. The information provided by Coca-Cola on the Texas Franchise Tax forms do not indicate that defendant's principle place of business is in Texas. Coca-Cola merely listed its Texas addresses on forms specific to the State of Texas. Furthermore, these Texas forms clearly state Atlanta as the corporation's principle office.

***2** Plaintiff also moves for remand to enable plaintiff file a motion to consolidate in state court (D.E.15). Plaintiff asserted that a related case, *Ladonna Losoya v. SSP Partner,* is pending in state court and has been stayed pending arbitration. Plaintiff contends that this pending federal case should be consolidated with the case in state court because the two cases involve the same plaintiff, the same injury, and common issues of fact and law. Plaintiff asserts that consolidating the two cases will simplify matters considering the likelihood that the two defendants will file cross actions against each other. Simplification of the process of litigation is not a basis for remand.

Because proper diversity has been established by defendant, and the state court case has been stayed, plaintiff's motions to remand (D.E.5, 15) are DENIED.

ORDERED.

S.D.Tex.,2005.
Losoya v. Coca-Cola Enterprises, Inc.
Slip Copy, 2005 WL 1799618 (S.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3133541 (Trial Motion, Memorandum and Affidavit) Defendant Coca-Cola Enterprises Inc.'s Response to Plaintiff Ladonna Losoya's Motion to Exclude Expert Testimony of Dr. Paul K. Ayars, Jr. (Oct. 3, 2005)

• 2005 WL 3133542 (Trial Motion, Memorandum and Affidavit) Defendant Coca-Cola Enterprises Inc.'s Response to Plaintiff Ladonna Losoya's Motion to Exclude Expert Testimony of Defendant Coca-Cola's Proposed Expert Isaac Dominguez (Oct. 3, 2005)
• 2005 WL 3081496 () (Report or Affidavit) (Aug. 16, 2005)
• 2005 WL 3081495 () Affidavit of Alan H. Baxter re Order Allowing Plaintiff Additional Time to Submit Evidence (Jul. 28, 2005)
• 2005 WL 3434855 () (Report or Affidavit) (Jul. 13, 2005)
• 2005 WL 3081494 () Expert Witness Preliminary Report of Alan H. Baxter (Mar. 28, 2005)
• 2005 WL 2874042 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Opposition to Defendant's Motion to Exclude Testimony of Expert (2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.