**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **PATRICIA DANDRIDGE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No.: 06-0981 |
| v. ) | |
| ) | |
| **ROCHELLE CARAWAY** ) | RWR |
| ) | |
| **Defendant.** ) | |
| ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION
FOR REMAND**

Comes now Plaintiff Patricia Dandridge, by and through counsel, and files this reply to Defendant's opposition to the motion for remand, and in support thereof states as follows.

Plaintiff filed a complaint in the Superior Court against Defendant Caraway in March 2006. Defendant Caraway filed a notice of removal based on diversity of jurisdiction. (In discovery responses in the related matter in the Superior Court, Defendant Winn Residential provided a District of Columbia address (3679 Jay Street NE #102, Washington, DC 20019) and District of Columbia telephone number, and a Florida address (201 15th Avenue West, Bradenton, FL 342205) for Ms. Caraway. It is not clear where Ms. Caraway maintains a permanent residence. Plaintiff filed a motion to remand this case to the D.C. Superior Court because this claim was originally part of the first Superior Court case and had to be refiled because Defendant Caraway evaded service, a case already exists involving the same issues in D.C. Superior Court and that case is

proceeding with discovery. In the matter pending in the D.C. Superior Court, Defendants have never challenged the jurisdiction of that court to hear the case, and could not because the parties are not diverse.

Plaintiff indicated in her motion for remand that it was not clear that her claim for damages against Defendant Caraway will exceed $75,000 because the complaint did not state a specific amount of damages sought. Defendant Caraway has filed an opposition to the motion for remand. In the opposition, Defendant Caraway claims that based on a civil cover sheet filed in the Superior Court, Plaintiff is demanding $1,000,000. Defendant also claims that Plaintiff is seeking lost earnings and compensatory damages against all defendants (Winn Residential and WDC-1), and that she stated in an interrogatory response that she was seeking at least $300,000.00 (against Winn Residential and WDC-1). Defendant's argument is without merit.

First, even if Plaintiff filed suit against all Defendants in the Superior Court as she originally did and sought $1,000,000 against all Defendants and $300,000 against her employers, Defendants would not be able to remove the case to federal court because the parties would not be diverse. Further, preparation of a civil cover sheet is an administrative task and any information that may be listed there is not part of and never intended to be part of the complaint. The amount stated in the civil cover sheet is intended merely to assist the Clerk in determining if the matter should be filed in the Small Claims Branch ($5,000 or less) or the Civil Branch. Moreover, the fact that Plaintiff is seeking lost earnings and compensatory and punitive damages against her former employers has no relation to what Plaintiff is seeking from Defendant Caraway,

2

her former supervisor.  It would be futile to seek $1,000,000 from an individual who was earning less then $40,000 in 2005 when she was Plaintiff's supervisor.

Defendant Caraway also represents that Judge Retchin has not conducted any pretrial conferences or ruled on any motions.  Finally, Defendant requests in a footnote that the court impose Rule 11 sanctions against Plaintiff's counsel.  There is no basis for Defendant's representations and the request.   Separate claims had to be filed in this case for the sole reason that Defendant Caraway evaded service.  Defendant Caraway should not be rewarded by having her case removed from Superior Court because she evaded service.  In the Superior Court matter, the parties have exchanged written discovery and Defendants have taken the deposition of the Plaintiff.  Plaintiff has requested that Defendants make Ms. Caraway available for a deposition, and Defendants' counsel, Michael Smith, has refused to make her available in person in the District of Columbia or by telephone for a deposition.  This issue is now pending before the Superior Court Judge Retchin.  Defendant's counsel in this matter, James Rubin, has not had any involvement in the original Superior Court complaint.  It is clear that the representations made in the opposition to the motion for remand and request for sanctions are those of Defendants' counsel in the Superior Court matter, Michael Smith. Mr. Smith, who seems to be personally and uncontrollably upset that Plaintiff filed a complaint in the Superior Court against Defendant Caraway, has attempted for force Plaintiff to dismiss her complaint against Defendant Caraway.  Ex. A.  Mr. Smith has indicated on several occasions that he would file a motion for sanctions against Plaintiff's counsel because Plaintiff filed a second complaint against Defendant Caraway.   Id.  Having no basis for doing so in the Superior Court matter, he apparently has convinced Mr. Rubin to do so.  Under the

3

current circumstances, Plaintiff's motion for remand was proper and the appropriate thing to do, especially given Judge Rechin's February 2, 2006 order, the fact that Defendant Caraway has evaded service, Defendants represented in the Superior Court that Ms. Caraway had a Washington, D.C. and a Florida address, and Plaintiff has not indicated she will seek more than $75,000 against Defendant Caraway.

Wherefore Plaintiff requests that this matter be remanded to the D.C. Superior Court.

Respectfully submitted,

By: _____/s/_____
David A. Branch #438764
Law Offices of David A. Branch
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805

**Certificate of Service**

I hereby certify this 13th day of June 2006, that a copy of the foregoing Plaintiff's Reply to the Motion for Remand was sent to counsel for Defendants listed below:

James Edward Rubin
The Rubin Employment Law Firm, PC
11 North Washington Street,
Suite 520
Rockville, MD 20850

_____/s/\_\_\_\_\_
David A. Branch