# EXHIBIT A

Your recollection is deficient regarding what happened as will be pointed out in the motion that will be filed by Winn and WDC-1.  For example, you did **not** call me to ask my position on the motion that was eventually decided by Judge Retchin.  Moreover, your other comments about what you were "required" to do in this situation ignore your obligations under the Court's rules.

Unless you advise me to the contrary by noon today, I assume based on your e-mails that you will not consent to dismissing the case filed against Ms. Caraway.


R. Michael Smith
Gordon, Feinblatt, Rothman, Hoffberger & Hollander LLC
233 E. Redwood Street
Baltimore, MD 21202
(410) 576-4174
Fax (410) 576-4292
E-mail msmith@gfrlaw.com



**From:** dablaw [mailto:dablaw@erols.com]
**Sent:** Friday, May 12, 2006 9:24 AM
**To:** Smith, Michael
**Subject:** Re: Dandridge v. Winn

Mike:

I really am not trying to provide an explanation, but trying to get you to see that your points are not correct.  I am not trying to insult you, but there really is a problem with your memory.  Let me recap for you what happened.  We were in court for the initial scheduling conference in December 2005 before Judge Weisberg.  You may recall at that hearing that I told Judge Weisberg that Caraway had not been served and when the process server attempted to serve her, he found her house on blocks.  Judge Weisberg thought this was amusing.  At that hearing, he told me he could dismiss the complaint or give me until the following Monday to file a motion for extension of time to serve her.  We filed a motion for extension of time to serve her, and the court granted the motion and gave us until January 16, 2006.  Shortly after January 16, 2006, I called you and told you that the process server was not able to serve Ms. Caraway until January 18, 2006, and would you oppose a motion for an extension of time to serve Ms. Caraway.  You told me you would not take a position on the motion.  I assume this was because you did not represent Ms. Caraway and had no basis to oppose it.  We filed our motion for an extension on January 30, 2006.  Judge Retchin likely took over Judge Weisberg's calendar in January 2006.  Within a few days after we filed the second motion, Judge Retchin issued her Order on February 2, 2006 (well before you switched firms) advising us that she could not grant the second motion, but gave us the option of filing a motion requesting an extension if there was good cause, or we could file a new complaint.  We decided to file a new complaint.  I hope this refreshes your memory on what happened.  Concerning where Ms. Caraway lives, I honestly do not know where she lives beyond her last DC address.  I do not get involved in searching for defendants.  We turn over the summons and complaint to a private process server and tell them to find her and serve her, and they do that and they file their affidavit with the court when they are done.  That leaves your remaining claims that

you have somehow been harmed because you were not informed of the case against Caraway; that Caraway's address is not correct and the civil cover sheet did not mention that there was a related case. Neither you nor your clients have been harmed in any way.  You have never indicated that you represent Ms. Caraway and certainly have not offered to accept service for Ms. Caraway.  I represent Ms. Dandridge in this case.  When did it become my job to protect the rights of Ms. Caraway or any of the other defendants? The fact that a complaint had been filed and the information in the complaint could have been obtained if you simply went to the courthouse and checked with the Clerk's Office. Ms. Caraway will have the option of taking Ms. Dandridge's deposition if the cases are consolidated or not.  Where is the harm--that Ms. Caraway was prejudiced because the civil cover sheet did not include the fact that there was a related case?  I am quite interested in what rule you believe we have violated.  DAB.

----- Original Message -----

**From:** Smith, Michael

**To:** dablaw

**Sent:** Thursday, May 11, 2006 9:26 PM

**Subject:** Re: Dandridge v. Winn

You continue to misrepesent what happened.  You can explain to the judge what you did.

From:   dablaw [mailto:dablaw@erols.com]
Sent:   Thu May 11 17:44:49 2006
To:     Smith, Michael
Subject:        Re: Dandridge v. Winn

Mike:
You are correct that we were originally given until Jan. 16, 2006, which was a federal holiday, to serve Ms. Caraway, but she was not served until January 18, 2006 by the process server.  Judge Weisberg never told me to file another motion because he could not grant an extension. (What did he do, pick up the phone and call me?).  We filed our motion for a second extension on January 30, 2006, and this was the only time I talked to you about an extension, (the other request was made in open court) and you told me you would not take a position.  You should check with the folks at Dechert if you did not get my motion and the Judge's Order, but I am sure both were sent to you.  I have said all I have to say on the other matters.  DAB
  ----- Original Message -----
  From: Smith, Michael
  To: dablaw
  Sent: Thursday, May 11, 2006 5:26 PM
  Subject: RE: Dandridge v. Winn


  I stand by my version of history.

2

The motion that you served on December 16, 2005 and that the Judge Weisberg granted on December 20 asked for an extension to until January 16, 2006 for you to serve Ms. Caraway with the summons and complaint. When you failed to perfect service by that date, Judge Weisberg informed you that you had to file another motion to have the summons reissued because he could not grant you another extension under the Rules. You never served me with a copy of the motion granted by Judge Retchin or of the proposed order. You also failed to solicit my position on that motion as required by the Rules. I did not receive a copy of the signed order even though I notified the court of my change of firms effective February 15.

You obviously knew Ms. Caraway's address in Florida as of late January because you sent a process server there where he  served the summons and complaint in the first case, albeit too late. Despite that fact, you intentionally placed a District of Columbia address for her on the caption of the complaint filed in the second case. Moreover, at some point, you learned that she lived in North Carolina and yet you did not correct that information on the complaint.

We did not provide you with addresses for her that we knew to be incorrect.

I told you repeatedly that Winn and WDC-1 did not employ and had no control over Ms. Caraway and I can produce e-mails to and from you confirming what I said on that point. Your representation that you were unaware of my clients' "arrangement" with Ms. Caraway is simply untrue.

Finally, we were finalizing deposition dates and arrangements for Ms. Dandridge and John Weikel after you had filed another case naming Ms. Caraway as a defendant. You allowed Ms. Dandridge's deposition to proceed without bothering to tell me about the new case and also deprived Ms. Caraway of the knowledge that she had something personally at stake in that deposition and of her right to participate so she could protect her individual interests and rights.

I intend to file a motion and seek sanctions.


R. Michael Smith
Gordon, Feinblatt, Rothman, Hoffberger & Hollander LLC
233 E. Redwood Street
Baltimore, MD 21202
(410) 576-4174
Fax (410) 576-4292
E-mail msmith@gfrlaw.com




From: dablaw [mailto:dablaw@erols.com]
Sent: Thursday, May 11, 2006 4:49 PM
To: Smith, Michael
Subject: Re: Dandridge v. Winn


Mike:
Now, either your memory has escaped you or you are making up things. I did serve you with a copy of the motion. I spoke to you before it was filed and you told me you would not take a position on the motion. If you did not receive a copy of the motion, why didn't you say something back in February when Judge Retchin issued her order, instead of waiting for four months.  I do not know what type of arrangement Winn has with Ms. Caraway but I do know they can designate anyone they desire to attend a deposition.  You took Ms. Dandridge's deposition. I had no obligation to contact Ms. Caraway and I had

3

no information to use to contact her, and since she was no longer a party, she had no right to be present, other than as a management representative.  Only you could have requested that she be present.  How could she raise any questions at a deposition as a non-party?  I take offense at your statement that we concealed anything from the court or misrepresented anything.  We did not hide, conceal or misrepresent anything because we did just what the court authorized us to do when we filed the complaint against Caraway.   The address in the complaint is the last known address we have for Ms. Caraway.  I note that your client provided bogus addresses under oath in the answers to interrogatories for Caraway, by providing an address in Florida and an address in Washington, DC, which they/you knew were false.  Our actions were totally proper, and we will seek sanctions from the court if we have to respond to a frivolous motion filed by you.  DAB.

  ----- Original Message -----
  From: Smith, Michael
  To: dablaw
  Sent: Thursday, May 11, 2006 4:01 PM
  Subject: RE: Dandridge v. Winn


  You were obligated to serve me with a copy of the motion for an extension of time to serve Ms. Caraway which you clearly failed to do.

  You most certainly should have told me about the filing of the new case in light of the fact that Ms. Dandridge's deposition was scheduled for April 28, weeks after you had filed the that case.  As I had previously told you on more than one occasion, Ms. Caraway no longer works for Winn or WDC-1 so they could not compel her to appear as the company representative.

  Moreover, you should have informed Ms. Caraway about the deposition so she could have appeared if she chose to do so.  By failing to provide that information to her, you obviously prejudiced her by depriving her of the opportunity to question Ms. Dandridge and you created the potential for duplicative discovery.

  In addition, you concealed from the Court that a related case was pending when you filed the second case.  I must assume that you intentionally did so in order to hide what you were doing.

  Finally, you intentionally misrepresented in the complaint filed in the second case that Ms. Caraway lived in the District of Columbia when you knew that she did not.

  I intend to bring this situation to the Court's attention and look forward to hearing you explain what you have done.


  R. Michael Smith
  Gordon, Feinblatt, Rothman, Hoffberger & Hollander LLC
  233 E. Redwood Street
  Baltimore, MD 21202
  (410) 576-4174
  Fax (410) 576-4292
  E-mail msmith@gfrlaw.com




  From: dablaw [mailto:dablaw@erols.com]
  Sent: Thursday, May 11, 2006 3:38 PM

To: Smith, Michael
Subject: Re: Dandridge v. Winn


Mike:

I must assume from your email that you are not receiving the correspondence from the court. First, Judge Weisberg is no longer in the case and has not been in the case since February, when Judge Retchin took over. On February 2, 2006, she issued an order (after we filed a motion for additional time to serve Caraway) that we could file a motion providing good cause why the case against Caraway should be reinstated or file a new complaint against her. We chose the latter. We were under no obligation to tell you a new complaint was filed. Caraway has been avoiding service for months, and telling her attorney that a complaint had been filed against her would have been counterproductive. Ms. Caraway has not been prejudiced in any way. There was nothing to prevent her from attending the Dandridge deposition as a management representative.   Obviously, we have no intention of dismissing the complaint. DAB.
----- Original Message -----
From: Smith, Michael
To: dablaw
Sent: Thursday, May 11, 2006 2:28 PM
Subject: Dandridge v. Winn


Mr. Branch,

I have just learned that, within the past few days, you served a summons and complaint on Rochelle Caraway in another case that you filed for Ms. Dandridge in the Superior Court for the District of Columbia on March 31, 2006. The claim filed in that case is identical to the claim alleged in the first case that you filed against Winn, WDC-1, and Ms. Caraway.

As you know, you had failed to make timely service on Ms. Caraway of the summons and complaint in the first case even after Judge Weisberg had extended the date for service to January 16, 2006. Judge Weisberg told you that, in light of that failure, you must file a motion asking the Court to reissue a summons directed at Ms. Caraway. You never filed such a motion.

The filing of the new case is an obvious attempt to circumvent Judge Weisberg's ruling and the effect of your failure to file the requisite motion in a timely manner. Indeed, the Clerk has confirmed what I suspected, namely, that you did not disclose on the Civil Case Information Sheet for the second case that a related case was already pending before Judge Weisberg.

Moreover, your conduct in that regard has clearly prejudiced Ms. Caraway because you effectively precluded her from participating in Ms. Dandridge's deposition which was conducted on April 28. In addition, you did not even have the courtesy to inform me before or at the deposition that you had filed the second case.

Finally, I note that you incorrectly stated on the caption of the complaint filed in the second case that Ms. Caraway lives (or perhaps works) at 305 37th Street, SE in the District of Columbia--a fact that you clearly knew to be false long before March 31.

In light of those facts, I must insist that you dismiss the second case by no later than May 17, 2006. If you fail to do so, I will take steps to inform Judge Weisberg about what you have done and I will seek sanctions against you.


R. Michael Smith
Gordon, Feinblatt, Rothman, Hoffberger & Hollander LLC
233 E. Redwood Street

5

Baltimore, MD 21202
(410) 576-4174
Fax (410) 576-4292
E-mail msmith@gfrlaw.com

******************************

The information supplied in this message may be legally privileged. If you are not the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now advising you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. No written opinion of a Gordon, Feinblatt attorney on a federal tax issue should be understood to suggest a more likely than not favorable outcome unless the words 'more likely than not' are actually used in the opinion.

******************************

The information supplied in this message may be legally privileged. If you are not the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now advising you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. No written opinion of a Gordon, Feinblatt attorney on a federal tax issue should be understood to suggest a more likely than not favorable outcome unless the words 'more likely than not' are actually used in the opinion.

******************************

The information supplied in this message may be legally privileged. If you are not the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now advising you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. No written opinion of a Gordon, Feinblatt attorney on a federal tax issue should be understood to suggest a more likely than not favorable outcome unless the words 'more likely than not' are actually used in the opinion.

******************************

The information supplied in this message may be legally privileged. If you are not the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now advising you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. No written opinion of a Gordon, Feinblatt attorney on a federal tax issue should be understood to suggest a more likely than not favorable outcome unless the words 'more likely than not' are actually used in the opinion.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information supplied in this message may be legally privileged. If you are not the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.

Pursuant to recently-enacted U.S. Treasury Department Regulations, we are now advising you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. No written opinion of a Gordon, Feinblatt attorney on a federal tax issue should be understood to suggest a more likely than not favorable outcome unless the words 'more likely than not' are actually used in the opinion.