## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PATRICIA DANDRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.  06-0981 RWR** |
| | ) | |
| | ) | |
| **ROCHELLE CARAWAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S SURREPLY IN SUPPORT OF HER OPPOSITION TO THE MOTION FOR REMAND

Defendant Rochelle Caraway ("Ms. Caraway"), by and through counsel, James E. Rubin, and The Rubin Employment Law Firm, P.C., pursuant to Local Rule 7, respectfully files this surreply in support of her opposition to the Plaintiff's Motion to remand.  In support, Ms. Caraway states as follows:

### INTRODUCTION

On June 13, 2006, plaintiff Patricia Dandridge ("Ms. Dandridge") filed a reply brief in support of her motion to remand this matter to the Superior Court of the District of Columbia.  She makes the following arguments:

- Her attorney-drafted civil cover sheet seeking $1,000,000 in this case and sworn interrogatory answers seeking $300,000 in a related matter are insufficient evidence to prove the amount in controversy in this case is greater than $75,000.

- Ms. Caraway evaded service of the first case Ms. Dandridge filed in Superior Court.

- The location of Ms. Caraway's permanent residence is unclear.

1

Because all of these arguments are either false or without merit, Ms. Caraway is compelled to submit this surreply.

## ARGUMENT

1.      "Defendants can rely on . . . statements in civil cover sheets in determining whether removal is appropriate." Henderson v. Target Stores, 2006 WL 831115 (D.Colo March 29, 2006) (attached).   Several cases have held that demands on civil cover sheets conclusively prove the amount in controversy for diversity jurisdiction. E.g., Scerati v. Lewellyn Manufacturing, Inc., 1996 WL 334376 (E.D.Pa. 1996) (attached) (civil cover sheet proved amount in controversy was *less* than that required for diversity jurisdiction); National Media Corp. v. DiGiovanna, 1994 WL 268260 (E.D.Pa. 1994) (attached) ((civil cover sheet proved amount in controversy was *more* than that required for diversity jurisdiction).

This rule is not surprising.  Attorneys who draft and file civil cover sheets should be aware of the federal diversity amount in controversy requirement.  Ms. Dandridge belatedly argues that "preparation of a civil cover sheet is an administrative task and any information that may be listed there is not part of and never intended to be part of the complaint."  Pl. Reply at p.2.  Apparently, she is now claiming that she lied on the civil cover sheet, but that her misrepresentation is excusable because it was merely an administrative task.  Not surprisingly, the cases cited above reject this "*believe me now because I lied before*" argument.

In addition to the $1,000,000 civil cover sheet, Ms Dandridge submitted interrogatories in the related case claiming she suffered more than $300,000 in damages. She now claims that her $300,000 demand in the related matter "has no relation to what

Plaintiff is seeking from Defendant Caraway. . . " Pl. Reply at pp. 2-3. This argument is false, too. The complaint against the corporate defendants is nearly identical to the complaint against Ms. Caraway. Compare Def. Opp. Ex. 1 with Ex. 3. Most significantly, the *ad damnum* clauses in both complaints are legally indistinguishable. The original complaint (which included Ms. Caraway) seeks damages against all defendants "individually *and severally*. . . " (emphasis added). Ex. 1 to Def's Opp. to Pl. Mot. to Remand. In short, Ms. Dandridge is seeking the same relief against Ms. Caraway that she is seeking from the corporate defendants.

2.    Ms. Dandridge next argues: "Separate claims had to be filed in this case for the sole reason that Defendant Caraway evaded service." Pl. Reply at pp. 2-3. It is difficult to understand how this argument is relevant to this Court's diversity jurisdiction. Nevertheless, it is another misrepresentation that Ms. Caraway is compelled to address. Significantly, Ms. Dandridge failed to attach an affidavit from her process server stating attempts Ms. Dandridge made to serve the first complaint on Ms. Caraway. Further, the two times Ms. Dandridge requested additional time to serve Ms. Caraway *she never mentioned any purported evasion*. See Exhibits A & B. The reason Ms. Dandridge never mentioned it is because it is not true. Indeed, during the four months when Ms. Dandridge could have served the summons in the original case, between September 13, 2005 and January 17, 2006, Ms. Caraway took no action "to avoid or evade being served with legal papers." Declaration of Rochelle Caraway at para. 5. (attached as Exhibit C)

3.    Ms. Dandridge also claims that: "In discovery responses in the related matter in the Superior Court, Defendant Winn Residential provided a District of Columbia address . . . and District of Columbia telephone number . . . for Ms. Caraway."

Pl. Reply at p.1. This is also appears to be false.  Attached as Exhibit D are the Winn Residential's interrogatory responses, which list only Ms. Caraway's Florida address.  In any event, as Ms. Caraway states in the attached affidavit:  "After July 2005, I did not reside in or maintain an address in the District of Columbia."  Declaration of Rochelle Caraway at para.  3.

## CONCLUSION

During this case's very short life, Ms. Dandridge has played fast and loose with the facts, including: the amount in controversy; whether Ms. Caraway evaded service; and the jurisdiction where Ms. Caraway resides.  Ms. Caraway has been forced to respond to each factual distortion which has caused her to incur attorney's fees and the Court to waste its valuable resources.  For these reasons, Ms. Caraway asks the Court to deny Ms. Dandridge's motion to remand this matter to the Superior Court, and award her reimbursement for the attorneys' fees and expenses incurred in opposing the motion for remand.

Respectfully submitted,

___/s/_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on, June 15, 2006, I served the foregoing by U.S. first class mail, postage prepaid on:

David A. Branch, Esq.
Law Offices of David A. Branch
1825 Connecticut Avenue, NW
Suite 690
Washington, DC 20009


_____/s/_____
James Edward Rubin