# EXHIBIT D

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| PATRICIA DANDRIDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 0007447-05 ) ) |
| WINN MANAGEMENT GROUP, *et al.* | ) ) ) |
| Defendants. | ) ) |

**RESPONSE OF DEFENDANTS, WINN MANAGEMENT COMPANY LLC
AND WDC-1 LP, TO PLAINTIFF'S INTERROGATORIES,
PRODUCTION REQUEST, AND REQUEST FOR ADMISSIONS**

Defendants, Winn Management Company LLC ("Winn") and WDC-1 LP ("WDC-1"), respond as follows to Plaintiff's Interrogatories, Production Request, and Request for Admissions.

## GENERAL OBJECTIONS

A. Defendants will respond to the Interrogatories, Production Request, and Request for Admissions (collectively "discovery requests") in the manner set forth in this introductory section and in the manner described in the specific answers set forth below. To the extent that Defendants have not answered or responded in the manner requested by Plaintiff's definitions or discovery requests, Defendants object to those definitions and discovery requests on the ground that they are overly broad, unduly burdensome, harassing and irrelevant, and not reasonably calculation to lead to the discovery of admissible evidence.

B. Under the Federal Rules of Civil Procedure, Plaintiff is not entitled to information that is within the attorney-client privilege or the work product doctrine.

C. Defendants further reserve the right to assert any privileges available under the rules of this Court.

D. The following definitions apply to all responses to the discovery requests. An objection to a discovery request on the ground that it is "irrelevant" shall mean that the information requested is not relevant to the subject matter properly before this Court in this action.

An objection to a discovery request on the ground that it is "ambiguous" shall mean that the discovery request is indefinite and unintelligible and fails to identify the information requested with reasonable particularity.

An objection to a discovery request on the ground that it is "overly broad" shall mean that the discovery request encompasses information which is irrelevant to this action.

An objection to a discovery request on the ground that it is "burdensome" shall mean that the work required to locate and/or produce information requested is excessive and that injustice would result to Defendants if they were required to comply with such discovery request.

An objection to a discovery request on the ground that it is "harassing" shall mean that: (1) the discovery request is designed to annoy, embarrass and oppress Defendants; and (2) the burden imposed by the discovery request is unreasonable in that the effect of the burden, including, without limitation, the cost of responding to the discovery request is not commensurate with the results sought to be achieved by such discovery request.

## INTERROGATORY ANSWERS

**INTERROGATORY NO. 1:** Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the Complaint.

**ANSWER TO INTERROGATORY NO. 1:** In addition to Plaintiff, the following persons know facts pertaining to the circumstances alleged in the Complaint:

Rochelle Caraway
201 15th Avenue West
Bradenton, FL 342205

John Weikel
4319 Third Street, SE
Suite 200
Washington, DC 20032

Cathy A. Murray
Six Faneuil Hall Marketplace
Boston, MA 02109

**INTERROGATORY NO. 2:** For each person identified in response to Interrogatory 1 above, state the facts that you contend are known to each person.

**ANSWER TO INTERROGATORY NO. 2:** The individuals listed below know the following information:

**Rochelle Caraway** knows: (1) she did not discriminate against Plaintiff based on her gender or sexual orientation; and (2) the job duties that were assigned to Plaintiff.

**John Weikel** knows: (1) he did not discriminate against Plaintiff based on her gender or sexual orientation; (2) he did not observe any facts indicating that Ms. Caraway did so; and (3) the job duties assigned to Plaintiff.

**Cathy Murray** knows: (1) Winn maintained a policy that prohibited discrimination and harassment against employees based on their gender and sexual orientation; and (2) Plaintiff failed to submit an internal complaint to Winn pursuant to that policy.

**INTERROGATORY NO. 3:** For each fact set forth in response to Interrogatory 1 above, identify any and all documents that describe, support, or otherwise reflect the facts known to each person.

**ANSWER TO INTERROGATORY NO. 3:** Winn and WDC-1 will make the documents available for inspection and copying at the offices of their counsel at a mutually convenient time.

**INTERROGATORY NO. 4:** Describe in full detail Plaintiff's period of employment with the Defendants, the relationship between Winn Residential and WDC-1 and CIH properties, each supervisor of Plaintiff, and Plaintiff's duties while employed with Defendants.

**ANSWER TO INTERROGATORY NO. 4:** On or about January 1, 2005, Winn and WDC-1 signed a Management Agreement that retained Winn to manage a WDC-1 multi-family housing development ("the Property") located on Anacostia Road in Washington, DC.

CIH Properties, Inc. ("CIH"), which is not a corporate affiliate of Winn, had previously managed the Property for WDC-1. Plaintiff had worked at the Property while CIH managed it and Winn hired her effective on or about January 1, 2005. Plaintiff continued to work for Winn until she resigned on or about April 25, 2005. Ms. Caraway supervised Plaintiff before January 1, 2005 and continued to do so until Plaintiff resigned from her employment with Winn.

Plaintiff served as a Porter, a/k/a Cleaner, at the Property and other sites managed by Winn and she was responsible for performing the duties specified on the job description that Winn has produced.

**INTERROGATORY NO. 5:** For the period of 2003 through 2005, list each porter or grounds person or comparable position employed by Defendants in the Washington, D.C. area by name, gender and dates of employment and compensation.

**ANSWER TO INTERROGATORY NO. 5:** Winn and WDC-1 object to this Interrogatory as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and confidential. Subject to those objections, Winn has provided a list of Porters that worked at the Property and the wage rates paid to them. Some of those individuals were provided by temporary employment agencies.

4

Insofar as WDC-1 has been able to determine, Plaintiff and Maurice Kent worked as Porters at the Property prior to January 1, 2005.

**INTERROGATORY NO. 6:** Identify the number of properties assigned to each porter for Defendants in the Washington, D.C. area during Plaintiff's tenure with the company.

**ANSWER TO INTERROGATORY NO. 6:** Winn and WDC-1 object to this Interrogatory as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Porters were typically assigned to 8 to 16 buildings depending on the circumstances.

**INTERROGATORY NO. 7:** Describe in full detail Defendants' policies on sexual orientation and gender discrimination, and if and how these policies were distributed to Plaintiff and other employees. Provide copies of any and all manuals and/or memoranda which support the above policies.

**ANSWER TO INTERROGATORY NO. 7:** During the relevant period, Winn maintained a policy that prohibited gender and sexual orientation discrimination against its employees, such as Plaintiff. Winn distributed its non-discrimination policy to employees in the District of Columbia, including Plaintiff as she acknowledged in writing on January 3, 2005. Winn has produced a copy of that policy and acknowledgment.

**INTERROGATORY NO. 8:** Identify by name, gender and dates of employment, all individuals supervised by Defendant Caraway during her tenure with Winn Residential.

**ANSWER TO INTERROGATORY NO. 8:** While employed by Winn, Ms. Caraway supervised the following individuals in addition to Plaintiff: Monica Shelton (1/3/05-6/1/05), Brian Joaquin (1/3/05-6/24/05), Carl Gordon (1/29/05-2/22/05), Christopher Williams (1/29/05-2/22/05), and Homer Starks, Sr. (3/7/05-current). Insofar as WDC-1 has been able to determine, Ms. Caraway supervised Plaintiff, Maurice Kent (4/4/04-12/31/04), Emory Burris

(8/4/03-12/31/04), Jerome Davis (7/28/03), Monica Shelton (12/1/03), and Lateesha Carson (7/27/04-12/31/04) prior to January 1, 2005.

**INTERROGATORY NO. 9:** Identify all complaints of discrimination made against Defendants by any employee, and any complaint of discrimination made against Defendant Caraway from 2000 through 2005.

**ANSWER TO INTERROGATORY NO. 9:** Winn and WDC-1 object to this Interrogatory as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Winn and WDC-1 state that Plaintiff is the only person who has filed a complaint alleging gender and/or sexual orientation discrimination involving Ms. Caraway.

**INTERROGATORY NO. 10:** Identify any and all company policies relating to employee reimbursements for mileage. Provide copies of all policies identified.

**ANSWER TO INTERROGATORY NO. 10:** Winn and WDC-1 object to this Interrogatory as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Winn has produced a copy of its mileage reimbursement policy.

**INTERROGATORY NO. 11:** Describe in full detail why Plaintiff's pay was not readjusted after she grieved to John Weikel, regional vice president for Winn Residential.

**ANSWER TO INTERROGATORY NO. 11:** Plaintiff's pay was not adjusted because she never spoke to Mr. Weikel about that subject.

**INTERROGATORY NO. 12:** Identify all policies regarding medical leave for Winn Residential employees.

**ANSWER TO INTERROGATORY NO. 12:** Winn and WDC-1 object to this Interrogatory as being overly broad, vague, ambiguous, and unduly burdensome and as seeking

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Winn has produced a copy of its medical leave of absence policy.

**INTERROGATORY NO. 13:** Describe in full detail why Plaintiff was terminated from her position on April 22, 2005.

**ANSWER TO INTERROGATORY NO. 13:** Plaintiff resigned from her employment with Winn.

**INTERROGATORY NO. 14:** List by name, position and dates of employment, each individual involved in the decision to terminate Plaintiff.

**ANSWER TO INTERROGATORY NO. 14:** See answer to Interrogatory No. 13.

**INTERROGATORY NO. 15:** Identify by name, position, gender, and rate of pay, all individuals who have performed any of the duties previously performed by Plaintiff since her termination, and describe how these individuals came to be given these duties.

**ANSWER TO INTERROGATORY NO. 15:** Winn has assigned various individuals, some of whom were provided by temporary employee agencies or a job referral agency of the D.C. government, to work as Porters at the Property. Insofar as Winn has been able to determine, those individuals included:

   Sylvester McCoy (1/29/06-3/28/06) ($7.50 per hour)
   Fred Harris (1/29/06-3/28/06) ($7.50 per hour)
   Anthony James (6/05-present) ($8.00 per hour)
   James Campbell (($10.00 per hour)
   Chris Harris ($10.00 per hour)
   Ronnell Dawson (6/24/05-11/2/05) ($10.00 per hour)
   Christopher Brown (7/12/05-7/22/05) ($10.00 per hour)
   Anthony Celey (7/14/05-7/20/05) ($10.00 per hour)
   Charles McLean (7/13/05-7/20/05) ($10.00 per hour)

### RESPONSE TO PRODUCTION REQUESTS

**REQUEST NO. 1:** All documents identified or relied upon in your Answers to Interrogatories.

**RESPONSE TO REQUEST NO. 1:** Winn and WDC-1 object to this Request as seeking information protected by the attorney-client privilege and work product doctrine to the extent that it seeks the notes of their attorney. Subject to those objections, documents described in this Request will be made available for inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 2:** All documents or other tangible evidence which you intend to introduce at trial on this matter.

**RESPONSE TO REQUEST NO. 2:** Winn and WDC-1 object to this Request as seeking information protected by the work product doctrine.

**REQUEST NO. 3:** All documents which in any way refer to the Plaintiff, including all documents in Plaintiff's personnel file or was a part of Plaintiff's personnel file.

**RESPONSE TO REQUEST NO. 3:** Winn and WDC-1 object to this Request as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, documents described in this Request will be made available for inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 4:** Any and all documents not included in the Plaintiff's personnel file which support, evidence, relate, or otherwise pertain to Plaintiff's employment with Winn Residential, including, but not limited to, documents relating to or reflecting job assignments, job performance, awards/rewards to Plaintiff, or discipline of Plaintiff.

**RESPONSE TO REQUEST NO. 4:** Winn and WDC-1 object to this Request as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, documents described in this Request will be made available for

inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 5:** The complete personnel file of Defendant Caraway, including but not limited to, any documents, records, memoranda, notes, or computer printouts, which were part of these personnel files at any time and provide all documents reflecting the job duties and responsibilities of the position(s) held by Caraway.

**RESPONSE TO REQUEST NO. 5:** Winn and WDC-1 object to this Request as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, WDC-1 states that it does not have in its possession a personnel file for Ms. Caraway. Winn will make the personnel file it maintained for Ms. Caraway available for inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 6:** Any and all documents which reflect duties for the position that Plaintiff held, and all documents related to any position responsible for maintenance and upkeep of grounds for Defendants.

**RESPONSE TO REQUEST NO. 6:** Winn and WDC-1 object to this Request as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, documents described in this Request will be made available for inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 7:** All documents, which support, evidence, relate or otherwise pertain to any and all personnel policies of Defendants in effect during the period of employment of Plaintiff, including but not limited to, policies on discrimination in the workplace, use of leave, mileage reimbursement and termination policies.

**RESPONSE TO REQUEST NO. 7:** Winn and WDC-1 object to this Request as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information

9

that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, documents described in this Request will be made available for inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 8:** Provide a copy of any and all employee handbooks and/or employee benefits handbooks given to the Plaintiff during her employment with Defendant Winn Residential.

**RESPONSE TO REQUEST NO. 8:** The documents described in this Request will be made available for inspection and copying at the office of counsel for Winn and WDC-1 at a mutually convenient time.

**REQUEST NO. 9:** The complete personnel files of all employees of Defendants who held the same or comparable job as the Plaintiff from 2000 through the present, including but not limited to, any documents, records, memoranda, notes, or computer printouts, which were part of these personnel files at any time and the job duties and responsibilities, salaries, bonuses and hire and termination of the employees.

**RESPONSE TO REQUEST NO. 9:** Winn and WDC-1 object to this Request as being overly broad, vague, ambiguous, and unduly burdensome and as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and confidential. Subject to those objections, WDC-1 and Winn states that they do not possess any such personnel files.

## RESPONSE TO REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Admit that Defendants were aware that Ms. Dandridge is a lesbian.

**RESPONSE TO REQUEST NO. 1:** Winn and WDC-1 admit that Plaintiff told some of the employees who worked with her that she was a lesbian.

**REQUEST NO. 2:** Admit that Ms. Dandridge began employment as a porter with CIH Properties, Inc. for WDC-1 Apartments in 2003.

**RESPONSE TO REQUEST NO. 2:** Admitted.

10

295285.1
4/7/2006

**REQUEST NO. 3:** Admit that Ms. Dandridge was supervised by Rochelle Caraway, a former site manager.

**RESPONSE TO REQUEST NO. 3:**    Admitted.

**REQUEST NO. 4:** Admit that Ms. Dandridge was responsible for maintaining the grounds at different apartment complexes owned by WDC-1 Apartments.

**RESPONSE TO REQUEST NO. 4:**    Winn and WDC-1 admit that Plaintiff was one of the individuals responsible for maintaining the cleanliness of certain properties.

**REQUEST NO. 5:** Admit that Ms. Dandridge should have been one of two porters performing maintenance services at sixteen scattered properties, but during most of Ms. Dandridge's tenure at Winn Residential, she performed all of the porter services for the scattered properties alone.

**RESPONSE TO REQUEST NO. 5:**    Denied.

**REQUEST NO. 6:**  Admit that Rochelle Caraway supervised Ms. Dandridge and subjected her to disparate treatment, based on her sexual orientation and gender.

**RESPONSE TO REQUEST NO. 6:**    Denied.

**REQUEST NO. 7:** Admit that Caraway stated to Ms. Dandridge that she did not like homosexuals and that she could treat Ms. Dandridge in any manner she desired because Ms. Dandridge was homosexual and no one would help her.

**RESPONSE TO REQUEST NO. 7:**    Denied.

**REQUEST NO. 8:** Admit that Caraway frequently directed profanity at Ms. Dandridge at work and called her a "bitch."

**RESPONSE TO REQUEST NO. 8:**    Denied.

**REQUEST NO. 9:** Admit that Caraway would allow everyone in the office, except Ms. Dandridge, to eat lunch in the office; but she would tell Ms. Dandridge to go eat lunch in the back of the building.

**RESPONSE TO REQUEST NO. 9:**    Denied.

**REQUEST NO. 10:** Admit that Caraway would also call Ms. Dandridge trash and called Ms. Dandridge a bum and told her she needed to be outside picking up trash.

**RESPONSE TO REQUEST NO. 10:**    Denied.

**REQUEST NO. 11:** Admit that male porters employed by Winn Residential in Washington, D.C. were paid a higher hourly rate than Ms. Dandridge.

11

**RESPONSE TO REQUEST NO. 11:**  Winn objects to this Request as being overly broad and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections, Winn denies that Ms. Dandridge was paid less than males who worked as Porters at the WDC-1 property during the period that she worked there.

**REQUEST NO. 12:**  Admit that when Ms. Dandridge submitted paperwork for reimbursement for mileage, her supervisor either withheld the funds, or taxes were deducted from funds for her mileage.

**RESPONSE TO REQUEST NO. 12:**  Denied.

**REQUEST NO. 13:**  Admit that Ms. Dandridge reported the conduct of Caraway and disparity in pay to John Weikel, regional vice president for Winn Residential

**RESPONSE TO REQUEST NO. 13:**  Denied.

**REQUEST NO. 14:**  Admit that Weikel was aware that Ms. Dandridge was not being paid at the same rate as other porters.

**RESPONSE TO REQUEST NO. 14:**  Denied.

**REQUEST NO. 15:**  Admit that Weikel told Ms. Dandridge that he would work to get her pay adjusted.

**RESPONSE TO REQUEST NO. 15:**  Denied.

**REQUEST NO. 16:**  Admit that following the termination of Ms. Dandridge I April 2005,

**RESPONSE TO REQUEST NO. 16:**  Winn and WDC-1 object to this Request as being unintelligible and, thus, they cannot respond to it.

**REQUEST NO. 17:**  Caraway appointed several temporary employees to perform porter services at the sixteen scattered properties, which had previously been serviced by Ms. Dandridge.

**RESPONSE TO REQUEST NO. 17:**  Winn admits that it obtained some temporary employees to work as Porters at the some properties previously serviced by Ms. Dandridge.  Winn and WDC-1 deny the remainder of this Request.

**REQUEST NO. 18:** Admit that after her termination, Ms. Dandridge later met with Weikel and was told that she would be placed into another position.

**RESPONSE TO REQUEST NO. 18:** Denied.

**REQUEST NO. 19:** Admit that Ms. Dandridge attempted to follow up with Weikel, he refused to meet with her.

**RESPONSE TO REQUEST NO. 19:** Denied.

Respectfully submitted.

*/s/ R. Michael Smith*

R. Michael Smith
Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202-3332
(410) 576-4174
Attorneys for Defendants, Winn Management Group Company LLC and WDC-1 LP

## CERTIFICATE OF SERVICE

I certify that on, April 7, 2006, I served the foregoing Response of Defendants, Winn Management Company, LLC and WDC-1, LP, to Plaintiff's Interrogatories, Production of Documents Request, and Request for Admissions by U.S. first class mail, postage prepaid on:

David A. Branch, Esq.
Law Offices of David A. Branch
1825 Connecticut Avenue, NW
Suite 690
Washington, DC 20009

*/s/ R. Michael Smith*

13

295285.1
4/7/2006