# UNREPORTED

# DECISIONS



2006 WL 831115 Page 1

--- F.Supp.2d ----, 2006 WL 831115 (D.Colo.)

**(Cite as: 2006 WL 831115 (D.Colo.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
Cindy L. HENDERSON, Plaintiff,
v.
TARGET STORES d/b/a Target Corporation, Defendant.
**No. CIVA06CV00465PSFMEH.**

March 29, 2006.

**Background:** Customer brought negligence action in state court against store, seeking damages for injuries she sustained when she tripped over a box in a store aisle. Store removed action to federal court more than 30 days after case was filed. The District Court issued an order to show cause why the case should not be remanded to state court.

**Holding:** After store filed response, the District Court, Figa, J., held that civil cover sheet filed with customer's state-court complaint, on which a box was checked stating that customer was seeking monetary judgment for more than $100,000, was a "paper" from which store could ascertain that the amount in controversy exceeded the federal diversity threshold of $75,000, so as to trigger 30-day period for removal.

Remanded.

**Removal of Cases** 🗝79(1)

334k79(1) Most Cited Cases
Civil cover sheet filed with customer's state-court negligence complaint against store, on which a box was checked stating that customer was seeking monetary judgment for more than $100,000, was a "paper" from which store could ascertain that the amount in controversy exceeded the federal diversity threshold of $75,000, so as to trigger 30-day period for removal of customer's action to federal court, even if the cover sheet did not subject its author to potential sanctions and was not jurisdictional in nature. 28 U.S.C.A. §§ 1332(a), 1446(b).

Nancy Jeanette Fisher, Franklin D. Azar & Associates, PC, Aurora, CO, for Plaintiff.

John Roland Chase, Thomas Henry Blomstrom, Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P., Denver, CO, for Defendant.

ORDER OF REMAND

FIGA, District J.

**\*1** On March 17, 2006 this Court issued an order to show cause (Dkt.# 5) why this case should not be remanded to state court. Defendant Target filed its response on March 27, 2006 (Dkt.# 6). The matter is ripe for decision.

This action was removed from El Paso County, Colorado District Court on March 15, 2006 on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a) and (b). The underlying complaint, filed in state court in September 2005, asserts a negligence claim based on the plaintiff tripping over a box in an aisle at a Target store resulting in a broken ankle, face lacerations and wrist pain. Complaint ¶ 5; Notice of removal (Dkt.# 1) at 1-2. She seeks recovery for "physical and permanent injuries and impairments, physical pain and suffering, loss of enjoyment of life, loss of earnings, and medical, hospital and doctor bills." Complaint ¶ 7.

Target claims that it was not until March 1, 2006 that it first learned that the case was removable. That was when it received responses from plaintiff

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 831115                                                                                                                Page 2

--- F.Supp.2d ----, 2006 WL 831115 (D.Colo.)

**(Cite as: 2006 WL 831115 (D.Colo.))**

to its requests for admissions denying that the value of this trip-and-fall case did not exceed $75,000. Thus Target asserts that removal is timely although attempted more than 30 days after the case was filed. *See* 28 U.S.C. § 1446(b) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....").

However in the civil cover sheet, filed in El Paso County District Court along with the complaint and served on Defendant Target, the box is checked stating the following: "This party [plaintiff] is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs ...." When confronted in the Order to Show Cause with this notice that may have started the 30-day clock for removal under 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading ...."), Target's response is that such filing cannot be construed as a triggering document contemplated by that provision. Target contends that such filing is not a document subject to state Rule 11 sanctions and "is not jurisdictional in nature." Rather, Target asserts that checking the box on the civil cover sheet is merely an opt-in for regular discovery procedures permitted by the Colorado Rules of Civil Procedure. Whether or not all those assertions are accurate, defendant is incorrect in concluding that the civil cover sheet is not a "paper" under § 1446(b) from which it could first be ascertained that the amount in controversy exceeded the federal diversity threshold of $75,000, exclusive of interest and costs.

**\*2** In a Colorado state court civil complaint "[n]o dollar amount shall be stated in the prayer or demand for relief." C.R.Civ.P. 8(a). Plaintiff complied. Because the complaint itself did not permit Target to determine the amount in controversy, the question becomes "at what point did [it] receive 'a copy of an amended pleading, motion, order or other paper from which it [could] be ascertained that the case [was] one which [had] become removable." ' *Huffman v. Saul Holding Ltd. P'ship,* 194 F.3d 1072, 1077 (10th Cir.1999), quoting § 1446(b). Here, that would either be when the civil cover sheet was served on the defendant on or shortly after September 28, 2005, or on March 1, 2006, when plaintiff informed Target that she denied that her damages were not more than $75,000.

For a number of reasons, it is the former date that started the 30-day removability period. The civil cover sheet falls within the term "other paper" for determining the time within which removal papers must be filed. *See e.g. Huffman,* 194 F.3d at 1078 (holding that a deposition constitutes "other paper" within the meaning of 28 U.S.C. § 1441(b) and that the removal period begins to run from the time when a defendant can "intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts."); *Hall v. Delta Air Lines, Inc.,* 340 F.Supp.2d 596, 599 (D.Vi.2004)(citing cases recognizing "other paper" for § 1446(b) purposes to include settlement demands and other correspondence claiming damages). The statute makes no requirement that the "other paper" constitute a pleading under F.R.Civ.P. 7(a) or its state court equivalent, or be a filing which subjects its author to potential sanctions under either federal or state law. Defendant Target cites no law for the position it takes on these issues.

This is not a situation where plaintiff has engaged in subterfuge in order to avoid removal. *See Addo v. Globe Life and Acc. Ins. Co .,* 230 F.3d 759, 762 (5th Cir.2000) (holding post-filing settlement letter demanding more than federal jurisdictional minimum makes case removable "to encourage prompt resort to federal court when a defendant first learns" what is actually being sought and to "discourage[ ] disingenuous pleading by plaintiffs in state court to avoid removal"). Plaintiff has always been upfront in stating she is seeking more than the federal threshold. Moreover, the March 1, 2006 responses to the request for admissions provide no more information to Target than it already had when it was served with the civil cover

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 831115                                                                                                       Page 3

--- F.Supp.2d ----, 2006 WL 831115 (D.Colo.)

**(Cite as: 2006 WL 831115 (D.Colo.))**

sheet months earlier. If what Target learned on March 1 was sufficient for it to intelligently ascertain that the **amount** in **controversy** exceeded $75,000, then what it knew from the civil **cover sheet** was no less informative. Whatever purposes may lurk behind the civil cover sheet filed in Colorado district courts, the one at issue in this case contains an affirmative representation filed along with the complaint that plaintiff is seeking at least one-third more than the removal minimum. Defendants can rely on such statements in civil cover sheets in determining whether removal is appropriate.

**\*3** Defendant Target's removal effort is therefore untimely. The case is hereby REMANDED to the El Paso County, Colorado District Court.

--- F.Supp.2d ----, 2006 WL 831115 (D.Colo.)

**Motions, Pleadings and Filings (Back to top)**

• 1:06cv00465 (Docket) (Mar. 15, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1994 WL 268260 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

▶
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
NATIONAL MEDIA CORPORATION
v.
Michael D. DIGIOVANNA, et al.
**Civ. A. No. 94-2078.**

June 14, 1994.

Abbe F. Fletman, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, for plaintiff.
H. Marc Tepper, Carl Anthony Maio, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, for defendants.

*MEMORANDUM AND ORDER*

FULLAM, Senior District Judge.
**\*1** Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County by writ of summons. Defendants have removed the action to this court; their notice of removal asserts that plaintiff's principal office is in Pennsylvania, and that all of the defendants are citizens of either New York or New Jersey, and that the **cover sheet** in the state court filing reflects that the **amount** in **controversy** is in excess of $50,000 (and that, in fact, the amount in controversy is in excess of $50,000).

Plaintiff has filed a motion for remand, asserting that the removal was premature. It is plaintiff's position that the summons did not constitute a " pleading" sufficient to establish the existence of diversity jurisdiction, hence the 30-day period for removal was never triggered and has not yet begun to run. I agree, but that, in my view, does not resolve the dispute: the real question is, when a case has been removed to federal court, and the case is actually within the jurisdiction of the federal court and properly removable, should it be remanded to state court merely because the defendants removed the case sooner than they were required to?

The statute, 28 U.S.C. § 1441(a) states that:
... any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The statute further provides, 28 U.S.C. § 1446(b) :The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

The statute further provides, in § 1447, that motions to remand based upon procedural irregularities must be filed within 30 days after removal, but that, where it appears federal jurisdiction is lacking, the case must be remanded, regardless of when that fact becomes apparent.

It is clear that the defendants need not have removed the case as soon as they did. The 30-day period specified for removal is triggered only by the filing of a pleading or other document which, on its face, discloses a basis for removal. *Foster v. Mutual Fire Marine and Inland Ins. Co.,* 986 F.2d 48, 54 (3d Cir.1993). But there is no provision in the statute, and no case has been cited to me which squarely holds, that premature removal of a case which is in fact properly removable should result in a remand.

A certain amount of wheel-spinning and wasted

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1994 WL 268260 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

effort may be involved in determining the final resting place of any action which is commenced by a writ of summons or other document which does not clarify the jurisdictional possibilities. Where diversity of citizenship is the potential basis for removal, the defendant must act to achieve removal within one year of the original filing, regardless of the amount of information provided in that filing. 28 U.S.C. § 1446(b). The defendant can, of course, seek to compel the plaintiff to file a complaint or other pleading more informative than the summons; and the plaintiff cannot complain if the defendant waits until such further pleading is filed before initiating removal, so long as the removal meets the one-year deadline. But, where the action is in fact removable, and both sides know it, and the action is in fact removed, it would be a manifest waste of everyone's time and effort to remand the case to state court, so that the defendant could then require the plaintiff to file a complaint, after which the defendant could again remove the action to federal court.

**\*2** The entire thrust of the statutory provisions, read as a whole, is to mandate that the final venue of an action be determined expeditiously. In the present case, plaintiff's motion for remand, and subsequent briefing, do not question the existence of diversity jurisdiction or the amount in controversy. Plaintiff's sole complaint is that these predicates are not fully disclosed in what plaintiff filed in state court. In my view, plaintiff has not shown a valid basis for remanding this action to the state court. The remand motion will be denied.

*ORDER*

AND NOW, this 14th day of June, 1994, it is ORDERED:

That plaintiff's motion to remand this action to state court is DENIED.

E.D.Pa.,1994.
National Media Corp. v. Digiovanna
Not Reported in F.Supp., 1994 WL 268260 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:94cv02078 (Docket) (Mar. 31, 1994)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.                                                                                          Page 1
Not Reported in F.Supp., 1996 WL 334376 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Kathleen SCERATI, Plaintiff,
v.
LEWELLYN MANUFACTURING, INC.,
Defendant.
**No. CIV.A. 96-3628.**

June 18, 1996.

*MEMORANDUM AND ORDER*

YOHN, J.

**\*1** Plaintiff Kathleen Scerati ("Scerati") originally brought this products liability action against defendant Lewellyn Manufacturing, Inc. ("Lewellyn") in the Court of Common Pleas of Philadelphia County, Pennsylvania. In her complaint, Scerati, a "ground handler" for United Parcel Service, alleges that she sustained injuries due to a defect in the braking system of a cargo dolly manufactured by Lewellyn. Lewellyn removed the action to this court based on diversity jurisdiction. Scerati now moves for remand arguing that Lewellyn's removal was untimely. For the reasons outlined below, the court grants Scerati's motion and remands the case to the Court of Common Pleas of Philadelphia County.

*BACKGROUND:*

Scerati commenced this action on March 6, 1996, by filing a praecipe for writ of summons, a draft of the writ of summons and a civil cover sheet in the Court of Common Pleas for Philadelphia County. The prothonotary issued the writ of summons and Scerati served the writ, the praecipe for the writ and the civil cover sheet on Lewellyn on March 22, 1996. Over a month later, on April 30, 1996, Scerati filed her complaint. On May 10, 1996, Lewellyn filed a notice of removal based on diversity jurisdiction. Scerati now moves to remand the case on the ground that Lewellyn's removal was untimely under 28 U.S.C. § 1446(b).

*DISCUSSION:*

A defendant in a civil action filed in a state court may remove the action to the federal district court for the district where the action is pending if the district court has original jurisdiction over the matter. 28 U.S.C.A. § 1441(a) (West 1994). Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $50,000.00, exclusive of interest and costs. 28 U.S.C.A. § 1332(a)(1) (West 1993). Section 1446(b), which governs the procedure for removal, provides in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. § 1446(b) (West 1994).

Scerati claims that Lewellyn received adequate notice of federal jurisdiction on March 22, 1996 from the writ of summons and civil cover sheet. The writ contained notice of the addresses of the parties and the civil **cover sheet** contained notice that the **amount** in **controversy** exceeded $50,000.00. Therefore, she contends, Lewellyn's notice of removal, filed 46 days later, was untimely. Lewellyn counters that "the actual 'pleading' document, the Writ of Summons, on its face does not suggest jurisdictional limits" (Def.'s Mem. at 1.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.    Page 2

Not Reported in F.Supp., 1996 WL 334376 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

and that the civil cover sheet should not be considered.

**\*2** The Third Circuit addressed the issue of what constitutes adequate notice of federal jurisdiction in *Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48 (3d Cir.1993). In *Foster,* the plaintiff argued that "correspondence accompanying the summons should, together with the summons, constitute sufficient notice of diversity jurisdiction as to trigger the 30-day limit." *Id.* at 53. The correspondence at issue constituted correspondence between counsel that had been served on the defendant along with the summons. [FN1]

> FN1. While the Third Circuit initially describes the correspondence as " subsequent discussions between the parties[,]" *Foster,* 986 F.2d at 51, later in the opinion, it characterizes the correspondence as "correspondence accompanying the summons[.]" *Id.* at 53.

The Third Circuit initially determined that "the relevant test is not what the defendant purportedly knew, but what these documents said." *Id.* at 54. The *Foster* court then went on to adopt the rationale of the district court in *Rowe v. Marder,* 750 F.Supp. 718 (W.D.Pa.1990), *aff'd,* 935 F.2d 1282 (3d Cir.1991), to the effect that "at a minimum, anything considered a pleading must be something of the type filed with a court." *Foster,* 986 F.2d at 54. Thus, the *Foster* court declined to consider the correspondence in its inquiry because it was not a court related document; i.e., "something of the type filed with a court." Finally, the Third Circuit held that " § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction[.]" *Id.* at 54.

Although the precise language of the *Foster* holding leaves open the question of whether courts should consider a civil cover sheet as part of the initial pleading, Scerati's civil cover sheet is clearly " something of the type filed with a court." In fact, the reverse side of the civil cover sheet indicates that the local rules of court compelled Scerati to file this document:
Philadelphia Civil Rule No. \*205.2(A)(9) requires that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition).... A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action.

(Pl.'s Mem. at Ex. A.) Additionally, treating Scerati's civil cover sheet as part of her initial pleading fulfills "the Congressional intent to require the earliest possible removal of cases to federal court." *Id.* at 53 (citation and internal quotation marks omitted). Finally, since the Third Circuit's decision in *Foster,* other judges of this court have, at least twice, treated a civil cover sheet that accompanied a writ of summons as part of the " initial pleading." While the consideration of the civil cover sheets was not dispositive in those cases, the judges did consider them in their federal jurisdiction inquiry. *See QVC, Inc. v. J.D. Ross Internat., Inc.,* No. 95-7946, 1996 WL 156422 (E.D. Pa. April 3, 1996); *Lazorko v. Pennsylvania Hospital,* No. 95-6151, 1995 WL 696888 (E.D.Pa. Nov. 22, 1995).

**\*3** The court must decide whether to distinguish a civil cover sheet from other "court-related documents" that parties can use to provide adequate notice of federal jurisdiction. The court declines to make such a distinction because, for the purpose of providing a defendant with notice of federal jurisdiction, the court cannot conceive of a principled reason for differentiating between a civil cover sheet, required to be filed with the court and served on the defendant, and a praecipe for writ of summons or a writ of summons. Thus, the court will consider Scerati's civil cover sheet as a component of the "initial pleading."

Scerati's summons contained the parties' addresses and her civil **cover sheet** indicated that the **amount** in **controversy** exceeded $50,000.00. (Pl.'s Mem. Ex. A.) Accordingly, the court holds that the initial pleading-the writ of summons combined with the civil cover sheet-that Scerati served on Lewellyn on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3

Not Reported in F.Supp., 1996 WL 334376 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

March 22, 1996, adequately notified Lewellyn that diversity jurisdiction existed. As Lewellyn filed its notice of removal more than 30 days after March 22, 1996, the court will remand this action to the Court of Common Pleas for Philadelphia County.

An appropriate order follows.

### *ORDER*

AND NOW, this ---- day of June, 1996, upon review of plaintiff Kathleen Scerati's Motion to remand to state court and supporting memorandum, and defendant Lewellyn Manufacturing, Inc.'s Response thereto, IT IS HEREBY ORDERED that:

1. the action is REMANDED to the Court of Common Pleas of Philadelphia County; and

2. the Clerk is directed to mark this case closed for statistical purposes.

E.D.Pa.,1996.
Scerati v. Lewellyn Manufacturing, Inc.
Not Reported in F.Supp., 1996 WL 334376 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:96cv03628 (Docket) (May. 10, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.