```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____  )
                                )
**PATRICIA DANDRIDGE,**         )
                                )
       **Plaintiff,**          )
                                )
v.                              )     Civil Action No. 06-981 (RWR)
                                )
**ROCHELLE CARAWAY,**           )
                                )
       **Defendant.**          )
_____ )

### ORDER TO SHOW CAUSE

Plaintiff Dandridge filed a complaint against defendant Caraway in the Superior Court for the District of Columbia, asserting a claim under the D.C. Human Rights Act that is based on the same operative facts and is identical to a claim plaintiff has asserted against two other defendants in Civil Action No. 7447-05, now pending in the Superior Court for the District of Columbia. Caraway removed, asserting diversity jurisdiction. However, neither Caraway's removal notice nor any other papers submitted by Caraway establish diversity jurisdiction. See Steigleder v. McQuesten, 198 U.S. 141, 143 (1905) ("[I]t has long been settled that residence and citizenship were wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state

- 2 -

for the purposes of jurisdiction."); Naartex Consulting v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) ("[I]t has been held repeatedly that an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction."); Bettis v. Montgomery, 701 F. Supp. 256, 258 (D.D.C. 1989) (stating that the party with the burden of establishing diversity jurisdiction "must affirmatively aver, with specificity, the *domiciles* of each of the parties to the action.") (emphasis in the original).  Accordingly, it is hereby

ORDERED that on or before June 29, 2006, defendant shall show cause in writing why this case should not be remanded to the Superior Court for the District of Columbia for lack of diversity jurisdiction, and further explain why, if remand is denied, why this case should not be stayed pending full litigation and resolution of the facts in Civil Action No. 7447-05 in the Superior Court for the District of Columbia, in order to avoid wasting judicial resources and risking the possibility of inconsistent dispositions.

SIGNED this 19th day of June, 2006.

                                    /s/
                            RICHARD W. ROBERTS
                            United States District Judge