## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PATRICIA DANDRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.  06-0981 RWR** |
| | ) | |
| | ) | |
| **ROCHELLE CARAWAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S RESPONSE TO THE COURT'S JUNE 19, 2006 ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED OR STAYED

Defendant Rochelle Caraway ("Ms. Caraway"), by and through counsel, James E. Rubin, and The Rubin Employment Law Firm, P.C., hereby responds to the Court's June 19, 2006 order to show cause why this case should not be remanded or stayed.

### INTRODUCTION

On June 19, 2006, the Court asked Ms. Caraway to address the following issues:

1.      Whether this case should be remanded to the District of Columbia Superior Court for lack of diversity jurisdiction?

2.      Whether, if remand is denied, this case should be stayed pending resolution of the facts in Civil Action No. 7447-05 in the Superior Court for the District of Columbia?

### ARGUMENT

1.      The Court's June 19, 2006 Order cites several cases stating that the party attempting to establish federal jurisdiction must establish *the domicile* of each of the parties to the action.  For the purpose of diversity jurisdiction, "[d]omicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." Prakash v. Am. Univ., 727 F.2d 1174, 1180 (D.C.Cir.1984). The party seeking to establish jurisdiction may submit a number of generally accepted

indicia of domiciliary status, including a sworn declaration of domicile; voting registration; state driver's license; ownership of personal property in a given state; bank accounts and club membership.  <u>Wagshal v. Rigler</u>, 947 F.Supp. 10, 13 (D.D.C.1996)

Taking her cue from the Court's citations to authority, Ms. Caraway states in the attached declaration that since January 2006 she has taken the following actions to establish her domicile in North Carolina:

● registered for and received a North Carolina Driver's License (copy attached);

● registered her car and obtained North Carolina license plates (Number "ROE 121").

● registered to vote and voted in North Carolina elections;

● obtained a library card for a local library in North Carolina (copy of library card attached);

● lived in a home which she owns in North Carolina;

● paid property taxes assessed on her home in North Carolina;

● maintained a checking account at a branch of Wachovia Bank located in a suburb of Charlotte;

● been continuously employed by Ashland Distribution Company at its facility located at 8930 Glenwood Drive, Charlotte, North Carolina. (recent pay stub attached):

● worshipped at Friendship Baptist Church which is located near her home; and

● treated with a personal medical doctor, William Flannery, whose office is located near her home.

Further, Ms. Caraway has a son and cousins who live in North Carolina and she maintains close relationships with those relatives.  Importantly, Ms. Caraway considers "North Carolina to be [her] domicile and [she] intend[s] to live there on a permanent

basis." Ms. Caraway does not own any real property located in any other state. Nor does she spend any significant amount of time in any state other than North Carolina. Ms. Caraway is physically present in North Carolina and intends to remain there for an unspecified or indefinite period of time. As such, for purposes of diversity jurisdiction, Ms. Caraway is domiciled in North Carolina. See <u>Naegele v. Albers</u>, 355 F.Supp.2d 129, 135 (D.D.C. 2005) (party's declaration and supporting documents constituted substantial evidence of domicile).

Ms. Caraway is domiciled in North Carolina. Ms. Dandridge is domiciled in the District of Columbia. There is complete diversity.

2.      Ms. Caraway <u>consents</u> to the Court's suggestion that all activity, including discovery, in this case be stayed pending resolution of the facts in Civil Action No. 7447-05 in the Superior Court for the District of Columbia. This is because Ms. Caraway believes that Ms. Dandridge filed this action solely for the purpose of obtaining discovery that she would not otherwise be entitled to in Civil Action No. 7447-05.

By way of background, on March 23, 2006, Ms. Dandridge asked the attorney for the corporate defendants in D.C. Superior Court Civil Action No. 7447-05, Winn Management Company LLC and WDC-1 LLP (collectively "Winn"), to produce Ms. Caraway for a deposition. Winn's counsel told Ms. Dandridge that: (1) Ms. Caraway was not a party in Civil Action No. 7447-05; (2) she did not live in the District of Columbia; (3) she no longer worked for Winn so it could not compel Ms. Caraway to attend a deposition in Washington, DC; (4) the proper procedure was to obtain a deposition

subpoena for Ms. Caraway issued by a court where she lived; and (5) a procedure was available to obtain such a subpoena.

In March, April and May 2006, discovery proceeded in Civil Action No. 7447-05. The parties exchanged interrogatory answers  and documents, and Winn deposed Ms. Dandridge on April 28, 2006.  On May 9, 2006, Ms. Dandridge cancelled the only deposition she had scheduled, that of Winn employee John Weikel.  She did not attempt to reschedule that deposition until June 9, 2006, just five days before discovery closed, which was too late.  Hence, by the close of discovery in Civil Action No. 7447-05 on June 14, 2006, Ms. Dandridge had taken zero depositions. [1]

In the meantime, on March 31, 2006, Ms. Dandridge filed the complaint in this matter.  On May 7, 2006, she served Ms. Caraway with the complaint.  Apparently, Ms. Dandridge filed the second complaint naming Ms. Caraway as the only defendant in the hope of making an end run around the requirement that she obtain a deposition subpoena issued by a court in North Carolina where Ms. Caraway then resided.

This inference is bolstered by Ms. Dandridge's failure throughout April and May 2006, to tell Winn's counsel that she had filed this action.  For example, Dandridge's attorney allowed the deposition of his client to be taken on April 28, 2006 without bothering to inform Winn's counsel about the pendency of this action.

By allowing discovery to proceed in Civil Action No. 7447-05 and by filing this case, Ms. Dandridge is attempting to achieve a double-whammy by: (1) excluding Ms. Caraway from participating in discovery in that civil action; and (2) trying to depose Ms. Caraway in this case after discovery has closed in that civil action.   In these

---

[1]  Ms. Dandridge has filed a motion to extend discovery in Civil Action No. 7447-05, which Winn has opposed.  The motion is now pending in the Superior Court.

circumstances, Ms. Caraway consents to a stay of this case provided it specifically prohibits Ms. Dandridge from conducting any discovery while this case is stayed. Further, if and when the stay is lifted, Ms. Caraway should have the opportunity to engage in discovery since Ms. Dandridge's actions have excluded Ms. Caraway from engaging in discovery in Civil Action No. 7447-05.

## CONCLUSION

Ms. Caraway has established that North Carolina is her domicile.   Complete diversity exists.

Ms. Caraway consents to staying this matter pending the outcome of Civil Action No. 7447-05, provided that the stay prohibits the taking of Ms. Caraway's deposition and provided that, if the stay is lifted, she be given a full opportunity to engage in discovery in this case.

Respectfully submitted,

___/s/_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on, June 29, 2006, I served the foregoing by U.S. first class mail, postage prepaid on:

David A. Branch, Esq.
Law Offices of David A. Branch
1825 Connecticut Avenue, NW
Suite 690
Washington, DC 20009


_____/s/_____
James Edward Rubin